# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **REBEKAH GATTI,** <br><br> Plaintiff, <br><br> v. <br><br> **GRANGER MEDICAL CLINIC, P.C.,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:19-cv-00028-PMW <br><br><br><br> **Chief Magistrate Judge Paul M. Warner** |

All parties in this case have consented to Chief Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court are Plaintiff Rebekah Gatti's ("Gatti") (1) motion to compel[2] and (2) motion for protective order.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

As an initial matter, the court notes that Gatti's motions do not comply with the short form discovery motion procedure set forth in Civil Rule 37-1 of the Rules of Practice for the

---

[1] *See* docket no. 27.

[2] *See* docket no. 32.

[3] *See* docket no. 38.

United States District Court for the District of Utah. That rule, which governs any discovery disputes arising under Rules 26-37 and 45 of the Federal Rules of Civil Procedure, requires a party to file a short form discovery motion to have a discovery dispute resolved by court order. *See* DUCivR 37-1(a)(3). Any such motion may not exceed 500 words. *See id.* Gatti's motions far exceed that word-count limit. Although the court will consider Gatti's motions in this instance, Gatti is directed to strictly comply with Civil Rule 37-1 for any future discovery disputes.

Before addressing the above-referenced motions, the court sets forth the following general legal standards governing discovery. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

## ANALYSIS

**I.  Gatti's Motion to Compel**

In this motion, Gatti seeks a court order compelling Defendant Granger Medical Clinic, P.C. ("Granger") to produce a witness under Rule 30(b)(6) of the Federal Rules of Civil

Procedure to testify about two disputed topics and fully respond to two of Gatti's discovery requests.

The two disputed topics from Gatti's Rule 30(b)(6) deposition notice are (1) possible or alleged fraudulent activities committed by Dr. Douglas M. Vogeler ("Dr. Vogeler") or anyone acting under his supervision or control, including but not limited to Whitney Miller and Tiffany Pitti, as well as any steps taken by Granger to investigate or remediate these possible or alleged fraudulent activities; and (2) communications between Dr. Vogeler and others at Granger regarding possible or alleged fraudulent activities committed by Dr. Vogeler or anyone acting under his supervision or control, including but not limited to Whitney Miller and Tiffany Pitti.

The two discovery requests at issue are (1) Gatti's interrogatory no. 11, which asks Granger to identify by date, amount, and claim number, any reimbursements by Granger to any state or federal agency relating to any billings from Dr. Vogeler's practice; and (2) Gatti's request for production no. 16, which asks Granger to produce all documents within Granger reflecting any reimbursements made by Granger to any state or federal agency relating to any billings from Dr. Vogeler's practice.

Granger opposes Gatti's motion by arguing that Gatti's requested discovery amounts to an improper fishing expedition into a potential qui tam claim. Granger also argues that the discovery Gatti seeks is not relevant to the claims and defenses in this case. The court agrees with Granger on both counts.

The Advisory Committee Notes to the 2000 Amendment to Rule 26(b)(1) provide that the parties and the court should "focus on the actual claims and defenses involved in the action" when determining whether certain discovery is relevant. Fed. R. Civ. P. 26 advisory committee

notes, 2000 Amendment, Subdivision (b)(1). Those Advisory Committee Notes also provide that the court "has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." *Id*. Additionally, this court has previously stated that "[a]lthough the scope of discovery under the federal rules is broad . . . , parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses." *Richards v. Convergys Corp.*, No. 2:05-CV-00790DAK, 2007 WL 474012, at *2 (D. Utah Feb. 7, 2007) (citing *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000)).

As Granger has correctly noted, Gatti's complaint contains only one cause of action for retaliation under the False Claims Act. The court agrees with Granger's argument that the discovery Gatti seeks has no bearing on whether she can prove the elements of that sole cause of action. The court also agrees with Granger's argument that Gatti's requested discovery appears to be an improper attempt to develop a potential qui tam claim. Accordingly, the court concludes that the discovery Gatti seeks is not relevant to her sole claim in this case.

The court also concludes that the discovery Gatti seeks is not relevant to any of Granger's defenses in this case. Gatti argues that the discovery she seeks is relevant to Granger's defense of unclean hands. While Gatti has her own interpretation of how Granger might use that defense, Granger has specifically articulated its theory of that defense. Granger asserts that its unclean hands defense is asserted to show that Gatti was not engaged in a protected activity and is grounded in Gatti's job responsibilities, not whether fraudulent activities occurred and whether Gatti engaged in those activities. The court accepts that assertion as being made in good faith.

Under that theory of Granger's defense of unclean hands, the court concludes that none of the discovery Gatti seeks is relevant to that defense.

For those reasons, Gatti's motion to compel is denied. Given that the court has denied the motion, Gatti's request for an award of reasonable expenses, including attorney fees, incurred in connection with this motion is likewise denied.

## II. Gatti's Motion for Protective Order

This motion involves the conduct of one of Granger's former employees, Amanda Babbitt ("Babbitt"). During Babbitt's tenure with Granger, she secretly recorded several work-related meetings. According to Granger, Babbitt also retained numerous confidential and proprietary Granger documents upon her termination. Granger further contends that Babbitt disseminated those recordings and documents to Gatti and other former Granger employees.

Based upon that alleged conduct, Granger filed suit against Babbitt in state court. In that case, Granger obtained a preliminary injunction prohibiting further dissemination of the recordings and documents and requiring Babbitt to inform Granger of the substance of any prior dissemination of the recordings and documents, as well as the identity of the individuals to whom she had disseminated the information.

Gatti now seeks a protective order in this case that prohibits Granger from preventing or seeking to prevent Babbitt from providing testimony, documents, or information that Gatti claims are relevant to the claims in this case. The court declines to enter such an order. In essence, Gatti seeks an order from this court that would be in direct contradiction to the preliminary injunction, which was issued by another court in a case to which Gatti is not a party. Gatti has failed to provide any binding authority for the proposition that this court can enter such an order

under those circumstances. Not only are the cases cited by Gatti not binding on this court, those cases fail to persuade the court that it can grant Gatti the relief she seeks through the instant motion.

For those reasons, Gatti's motion for protective order is denied. Given that the court has denied the motion, Gatti's request for an award of reasonable expenses, including attorney fees, incurred in connection with this motion is likewise denied.

## **CONCLUSION AND ORDER**

In summary, IT IS HEREBY ORDERED:

1. Gatti's motion to compel[4] is DENIED.

2. Gatti's motion for protective order[5] is DENIED.

IT IS SO ORDERED.

DATED this 20th day of November, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[4] *See* docket no. 32.

[5] *See* docket no. 38.